# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIRGINIA GUADALUPE PORTILLO, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| WAYNE JONES AND GUNTREN | § | |
| TRUCKING L.L.C., | § | |
| *Defendants.* | § | |

## INDEX OF STATE COURT FILE

| EXHIBIT | FILED | DOCUMENT |
|---|---|---|
| A | | State Court File |
| A-1 | 09/07/2017 | Docket Sheet |
| A-2 | 09/07/2017 | Plaintiff's Original Petition and Request for Disclosure |
| A-3 | 09/07/2017 | Citation for Wayne Jones |
| A-4 | 09/07/2017 | Citation for Guntren Trucking LLC |
| A-5 | 10/03/2017 | Plaintiff's First Amended Petition and Request for Disclosure |
| A-6 | 10/19/2017 | Return of Service for Wayne Jones |

FELICIA PITRE, DISTRICT CLERK

# DOCKET SHEET
## CASE NO. DC-17-11647

| | | | |
|---|---|---|---|
| VIRGINIA GUADALUPE PORTILLO | § | Location: | **134th District Court** |
| vs. | § | Judicial Officer: | **TILLERY, DALE** |
| WAYNE JONES, et al | § | Filed on: | **09/07/2017** |
| | § | | |

---

### CASE INFORMATION

Case Type: **MOTOR VEHICLE ACCIDENT**

---

### PARTY INFORMATION

|  | | *Lead Attorneys* |
|---|---|---|
| **PLAINTIFF** | **PORTILLO, VIRGINIA GUADALUPE**<br>*400 S. ZANG BLVD STE 600*<br>*DALLAS, TX 75208* | **HORNUNG, PAUL ROBERT**<br>*Retained*<br>214-941-8300(W) |
| **DEFENDANT** | **GUNTREN TRUCKING L.L.C.**<br>*BY SERVING ITS REGISTERED AGENT FAY ANDERSON*<br>*317 8TH ST SW*<br>*ORANGE CITY, IA 51041* | |
| | **JONES, WAYNE**<br>*314 W. 23rd ST.*<br>*SOUTH SIOUX, NE 68776* | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 09/07/2017 | NEW CASE FILED (OCA) - CIVIL | |
| 09/07/2017 | ORIGINAL PETITION | |
| 09/07/2017 | ISSUE CITATION | |
| 09/11/2017 | **CITATION**<br>JONES, WAYNE<br>Served: 10/11/2017<br>GUNTREN TRUCKING L.L.C.<br>Unserved<br>*ESERVE/CM* | |
| 09/11/2017 | CITATION ISSUED | |
| 10/03/2017 | AMENDED PETITION<br>Party: PLAINTIFF PORTILLO, VIRGINIA GUADALUPE<br>*1ST* | |
| 10/20/2017 | RETURN OF SERVICE<br>*CITATION EXECUTED WAYNE JONES* | |
| 11/10/2017 | **DISMISSAL FOR WANT OF PROSECUTION** (10:00 AM) (Judicial Officer: TILLERY, DALE) | |

---

| DATE | FINANCIAL INFORMATION | |
|---|---|---|

**PLAINTIFF** PORTILLO, VIRGINIA GUADALUPE

| | |
|---|---|
| Total Charges | 308.00 |
| Total Payments and Credits | 308.00 |
| **Balance Due as of 11/2/2017** | **0.00** |

*Printed on 11/02/2017 at 3:29 PM*

FELICIA PITRE, DISTRICT CLERK

# DOCKET SHEET
## CASE NO. DC-17-11647

| | | | |
|---|---|---|---|
| 09/08/2017 | Charge | PLAINTIFF PORTILLO, VIRGINIA GUADALUPE | 308.00 |
| 09/08/2017 | CREDIT CARD - Receipt # 58080-2017-DCLK TEXFILE (DC) | PLAINTIFF PORTILLO, VIRGINIA GUADALUPE | (308.00) |

*Printed on 11/02/2017 at 3:29 PM*

FILED
DALLAS COUNTY
9/7/2017 3:46 PM
FELICIA PITRE
DISTRICT CLERK

2 CT-E-SERVE

Freeney Anita

DC-17-11647

CAUSE NO._____

| | | |
|---|---|---|
| **VIRGINIA GUADALUPE PORTILLO** | § | **IN THE DISTRICT COURT** |
| Plaintiffs | § | |
| | § | |
| **vs.** | §G-134TH  **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **WAYNE  JONES  AND  GUNTREN** | § | |
| **TRUCKING L.L.C.** | § | |
| Defendants. | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW VIRGINIA GUADALUPE PORTILLO, ("Plaintiff"), complaining of and

against WAYNE JONES AND GUNTREN TRUCKING LLC ("Defendants"), and would

respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff will submit this action under Discovery Control Plan Level III, per Rule 190.4 of

the Texas Rules of Civil Procedure.

### II.
### RELIEF

Plaintiffs seeks monetary relief over $1,000,000.

### III.
### JURISDICTION

This Court has jurisdiction as Plaintiff's damages are within the jurisdictional limits of this

Court.

### IV.
### VENUE

All or a substantial part of the events giving rise to this claim occurred in Dallas County,

therefore Venue is proper in Dallas County pursuant to C.P.R.C. § 15.002(a)(1) and § 15.005.

## V.
## SERVICE

Plaintiffs are individual domiciled in Dallas County, Texas.

Defendant, **WAYNE JONES ("JONES ")**, is an individual who may be served with process at his residence, at 314 W. 23RD ST. SOUTH SIOUX CITY NE, 68776 or wherever defendant may be found. Pursuant to Section 17.062 of the Civil Practice and Remedies Code, Tryon D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483 will forward the citation to **WAYNE JONES ("JONES ")**, at his residence, 314 W. 23RD ST. SOUTH SIOUX CITY NE, 68776. **Issuance of citation is requested at this time.**

Defendant, **GUNTREN TRUCKING L.L.C.  ("GUNTREN")**, is an Iowa Corporation that committed a tortuous act in Texas that may be served process through it's registered agent FAY ANDERSON at 317 8TH ST. SW. ORANGE CITY, IA 51041 or wherever defendant may be found. **Issuance of citation is requested at this time.**

## VI.
## JURY DEMAND

Plaintiff respectfully requests that a jury be convened to try the factual issues of this case.

## VII.
## CAUSE OF ACTION

On or about April 22, 2016, Plaintiff was traveling on the connector ramp from Eastbound IH 30 to Northbound IH-35 in Dallas County Texas. Defendant JONES was traveling on the connector ramp from Eastbound IH 30 to Northbound IH-35 in Dallas County Texas. Defendant JONES failed to maintain a proper outlook and caused a collision with Plaintiff's vehicle. Thus,

Defendant JONES failed to use the ordinary care that a person of ordinary prudence should have used under the same or similar circumstances and such failure proximately caused Plaintiff's injuries and damages. Plaintiff asserts claims and causes of action arising from Defendant's negligence and seeks recovery of his damages from Defendant.

At all relevant times the vehicle driven by Defendant JONES was owned by Defendant GUNTREN. At all relevant times Defendant JONES was under the direction and scope of employment with Defendant GUNTREN.

## VIII.
## DEFENDANT JONES NEGLIGENCE

Defendant JONES'S conduct was the proximate cause of Plaintiff sustaining personal injuries in that said Defendant JONES'S acts or omissions constituted negligence, negligence *per se* and/or gross negligence in following acts, to wit:

a.   In failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

b.   In failing to apply the brakes to the vehicle in order to avoid the collision;

c.   In failing to turn the direction of the vehicle away from the Plaintiff's, in order to avoid the accident;

d.   In failing to control the speed of the vehicle and/or in driving at a speed greater than is reasonable and prudent under the circumstances then existing in violation of Texas Transportation Code § 545.351;

e.   In failing to identify, predict, decide and execute evasive maneuvers appropriately in order to avoid collision;

f.   In causing an accident involving personal injuries or death in violation of Texas Transportation Code § 550.021;

g.   In failing to act as a reasonably prudent person would have under the same or similar circumstances;

h    In failing to sound horn or warn Plaintiff prior to the accident;

i.     In driving recklessly, in violation of Texas Transportation Code § 545.401;

j.     In failing to act as a reasonably prudent person would have under the same or similar circumstances;

k.     In violating several other sections of the Texas Transportation Code.

Each of the above acts and omissions, singularly or in combination with each other, was a proximate cause of Plaintiff sustaining injuries and damages that are described below. As a result, Plaintiff's cause of action arises out of a basis of law, thus entitling Plaintiff to the relief sought.

## IX.
## DEFENDANT GUNTREN'S NEGLIGENT ENTRUSTMENT

Defendant GUNTREN negligently entrusted its vehicle to JONES, who was an unfit or incompetent driver. Defendants GUNTREN owned the vehicle involved in the collision in question and knew, or should have known that JONES was unfit or incompetent to drive. GUNTREN'S negligent entrustment of its vehicle is a proximate cause of the collision in question and Plaintiff's injuries and damages. Therefore, Plaintiff asserts a cause of action for negligent entrustment and hire against Defendant GUNTREN.

## X.
## NEGLIGENT, HIRING, TRAINING, SUPERVISION, AND RETENTION BY DEFENDANT GUNTREN

Still further, Defendant GUNTREN failed to use the ordinary care that a prudent person should have used under the same or similar circumstances in hiring, training, supervising and retaining Defendant JONES. Such failures constituted negligence and were proximate causes of the incident in question and Plaintiff's injuries and damages. Plaintiff asserts herein claims and causes of action based on Defendant GUNTREN'S negligent hiring, supervision and retention.

## XI.
## VICARIOUS LIABILITY

At the time of the incidents described above, JONES was acting in the course and scope of his employment with Defendant GUNTREN, and it is Plaintiff's information and belief, that the vehicle driven by Defendant JONES was owned by Defendant GUNTREN. As a result, Defendant GUNTREN is vicariously liable for the JONES'S general, *per se*, and gross negligence under the doctrine of *respondeat superior*. Plaintiff alleges that all of these damages, as well as the occurrence made the basis of this action, were proximately caused solely by Defendant's conduct, and that Defendant is liable for Plaintiff's damages.

## XII.
## EXEMPLARY DAMAGES

Plaintiff's injuries resulted from Defendants gross negligence, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Rem. Code § 41.003(a). At the time of the occurrence in question, Defendant driver's inattentive driving, failure to control the vehicle speed, coupled with Defendant driver's disregard for basic rules of the road, constituted gross negligence in that such acts and/or omissions, when viewed from Defendant's standpoint, involved an extreme degree of risk to drivers and travelers in Dallas County roads, including the risk of severe bodily injury and death to the public, and Plaintiff. Moreover, Defendants had actual awareness that the above acts and/or omissions were increasingly probable due to Defendant's inattention. Nonetheless, and despite Defendant's actual subjective awareness of the risk his grossly negligent driving imposed upon other drivers, travelers and the public in general, Defendant proceeded to drive in such grossly negligent manner with in conscious and blunt disregard to the rights, safety and welfare of others. Consequently, Plaintiff seeks exemplary damages and hereby gives notice to Defendants that he will seek to prove the above allegations by clear and convincing evidence.

## XIII.
## INJURIES - PRESENT AND FUTURE MEDICAL

As a direct and proximate result of the negligent conduct of Defendants, Plaintiff VICTORIA RODRIGUEZ suffered severe and disabling injuries to her head, face, neck, back, right shoulder, tricep, and left forearm. Plaintiff has suffered injuries and specifically sues for the following legal damages:

    a.    Medical expenses in the past and future in excess of $41,828.09; and

    b.    Physical pain in the past and future; and

    c.    Mental anguish in the past and future; and

    d.    Physical impairment in the past and future; and

    e.    Past and future disfigurement; and

    f.    Lost wages/loss of earning capacity in the past and future; and

    g.    Special damages; and

    h.    Property damage and Loss of use

## XIV.
## PLAINTIFF'S REQUEST FOR DISCLOSURES TO DEFENDANT

Plaintiff requests that Defendant disclose the information and material described in TEX. R. CIV. P. 194.2 (a) - (l). In addition to the materials requested in TEX. R. CIV. P. 194.2, Plaintiff requests that Defendants disclose all documents, electronic information, and tangible items that are in Defendants possession, custody, or control and may use to support its claims or defenses. Defendants responses shall be delivered to Plaintiff's attorney of record at 400 S. Zang Boulevard, 6th Floor, Suite 600, Dallas, Texas 75208 within fifty (50) days from the date of service hereof. Plaintiff also requests that Defendants supplement responses to this Request for Disclosure, as

provided by TEX. R. CIV. P. 192, 193, and 194.

## XV.
## NOTICE OF USE OF DOCUMENTS

Pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, Plaintiff hereby gives notice to Defendants that she intends to use all discovery products, responses, and documents exchanged and produced between the parties as summary judgment evidence, in any pretrial proceeding, and/or at trial in this cause.

## XVI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff be awarded judgment against the Defendants for the following:

a.    Medical expenses in the past and future; and

b.    Physical pain and suffering in the past and future; and

c.    Mental anguish in the past and future; and

d.    Physical impairment in the past and future; and

e.    Property damage; and

f.    Lost wages and loss of earning capacity in the past and future; and

g.    Pre and post Judgment interest at the maximum legal rate; and

h.    Costs of Court; and

i.    Such other and further relief, at law or in equity, to which Intervenors may be justly entitled.

Respectfully Submitted,

LAW OFFICES OF DOMINGO GARCIA, P.C.

By:

Domingo A. Garcia
State Bar No. 07631950
Paul Hornung
State Bar No. 00795831
E-Service: dallasoffice@dgley.com

400 S. Zang Blvd.
6th Floor Suite 600
Dallas, Texas 75208
Telephone:    (214) 941-8300
Facsimile:    (214) 943-7536

**ATTORNEYS FOR PLAINTIFFS**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**WAYNE JONES**
**314 W 23rd ST**
**SOUTH SIOUX NE  68776**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VIRGINIA GUADALUPE PORTILLO**

Filed in said Court  **7th day of September, 2017** against

**WAYNE JONES  AND GUNTREN TRUCKING LLC**

For Suit, said suit being numbered **DC-17-11647,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 11th day of September, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____/s/ Carmen Moorer_____, Deputy
          CARMEN MOORER

---

**ESERVE**

**CITATION**

**DC-17-11647**

**VIRGINIA GUADALUPE PORTILLO**
vs.
**WAYNE JONES, et al**

ISSUED THIS
**11th day of September, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  CARMEN MOORER, Deputy

**Attorney for Plaintiff**
PAUL ROBERT HORNUNG
LAW OFFICES OF DOMINGO GARCIA
400 S ZANG BLVD
SUITE 600
DALLAS TX  75208
214-941-8300
DALLASOFFICE@DGLEY.COM

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-11647

Court No.134th District Court

Style: VIRGINIA GUADALUPE PORTILLO

vs.

WAYNE JONES, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**GUNTREN TRUCKING LLC**
**SERVE ITS REGISTERED AGENT FAY ANDERSON**
**317 W 8TH ST**
**ORANGE CITY, IA 51041**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VIRGINIA GUADALUPE PORTILLO**

Filed in said Court **7th day of September, 2017** against

**WAYNE JONES AND GUNTREN TRUCKING LLC**

For Suit, said suit being numbered **DC-17-11647,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 11th day of September, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____/s/ Carmen Moorer_____, Deputy
            CARMEN MOORER

---

**ESERVE**

**CITATION**

**DC-17-11647**

**VIRGINIA GUADALUPE PORTILLO**
**vs.**
**WAYNE JONES, et al**

ISSUED THIS
**11th day of September, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARMEN MOORER, Deputy

---

**Attorney for Plaintiff**
PAUL ROBERT HORNUNG
LAW OFFICES OF DOMINGO GARCIA
400 S ZANG BLVD
SUITE 600
DALLAS TX 75208
214-941-8300
DALLASOFFICE@DGLEY.COM

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-11647

Court No.134th District Court

Style: VIRGINIA GUADALUPE PORTILLO

vs.

WAYNE JONES, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
10/3/2017 10:06 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO._____

| | | |
|---|---|---|
| VIRGINIA GUADALUPE PORTILLO | § | IN THE DISTRICT COURT |
|     Plaintiffs | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| WAYNE JONES AND GUNTREN | § | |
| TRUCKING L.L.C. | § | |
|     Defendants. | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW VIRGINIA GUADALUPE PORTILLO, ("Plaintiff"), complaining of and against WAYNE JONES AND GUNTREN TRUCKING LLC ("Defendants"), and would respectfully show unto the Court as follows:

**I.**
**DISCOVERY CONTROL PLAN**

Plaintiff will submit this action under Discovery Control Plan Level III, per Rule 190.4 of the Texas Rules of Civil Procedure.

**II.**
**RELIEF**

Plaintiffs seeks monetary relief over $1,000,000.

**III.**
**JURISDICTION**

This Court has jurisdiction as Plaintiff's damages are within the jurisdictional limits of this Court.

**IV.**
**VENUE**

All or a substantial part of the events giving rise to this claim occurred in Dallas County,

therefore Venue is proper in Dallas County pursuant to C.P.R.C. § 15.002(a)(1) and § 15.005.

## V.
## SERVICE

Plaintiffs are individual domiciled in Dallas County, Texas.

Defendant, **WAYNE JONES ("JONES ")**, is an individual who may be served with process at his residence, at 314 W. 23ʳᴰ ST. SOUTH SIOUX CITY NE, 68776 or wherever defendant may be found. Pursuant to Section 17.062 of the Civil Practice and Remedies Code, Tryon D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483 will forward the citation to **WAYNE JONES ("JONES ")**, at his residence, 314 W. 23ʳᴰ ST. SOUTH SIOUX CITY NE, 68776. **Issuance of citation is requested at this time.**

Defendant, **GUNTREN TRUCKING L.L.C.  ("GUNTREN")**, is an Iowa Corporation that committed a tortuous act in Texas that may be served process through it's registered agent FAY ANDERSON at 317 8ᵀᴴ ST. SW. ORANGE CITY, IA 51041 or wherever defendant may be found. **Issuance of citation is requested at this time.**

## VI.
## JURY DEMAND

Plaintiff respectfully requests that a jury be convened to try the factual issues of this case.

## VII.
## CAUSE OF ACTION

On or about April 22, 2016, Plaintiff was traveling on the connector ramp from Eastbound IH 30 to Northbound IH-35 in Dallas County Texas. Defendant JONES was traveling on the connector ramp from Eastbound IH 30 to Northbound IH-35 in Dallas County Texas. Defendant JONES failed to maintain a proper outlook and caused a collision with Plaintiff's vehicle. Thus,

Defendant JONES failed to use the ordinary care that a person of ordinary prudence should have used under the same or similar circumstances and such failure proximately caused Plaintiff's injuries and damages. Plaintiff asserts claims and causes of action arising from Defendant's negligence and seeks recovery of his damages from Defendant.

At all relevant times the vehicle driven by Defendant JONES was owned by Defendant GUNTREN. At all relevant times Defendant JONES was under the direction and scope of employment with Defendant GUNTREN.

## VIII.
## DEFENDANT JONES NEGLIGENCE

Defendant JONES'S conduct was the proximate cause of Plaintiff sustaining personal injuries in that said Defendant JONES'S acts or omissions constituted negligence, negligence *per se* and/or gross negligence in following acts, to wit:

a. In failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

b. In failing to apply the brakes to the vehicle in order to avoid the collision;

c. In failing to turn the direction of the vehicle away from the Plaintiff's, in order to avoid the accident;

d. In failing to control the speed of the vehicle and/or in driving at a speed greater than is reasonable and prudent under the circumstances then existing in violation of Texas Transportation Code § 545.351;

e. In failing to identify, predict, decide and execute evasive maneuvers appropriately in order to avoid collision;

f. In causing an accident involving personal injuries or death in violation of Texas Transportation Code § 550.021;

g. In failing to act as a reasonably prudent person would have under the same or similar circumstances;

h In failing to sound horn or warn Plaintiff prior to the accident;

i.      In driving recklessly, in violation of Texas Transportation Code § 545.401;

j.      In failing to act as a reasonably prudent person would have under the same or similar circumstances;

k.      In violating several other sections of the Texas Transportation Code.

Each of the above acts and omissions, singularly or in combination with each other, was a proximate cause of Plaintiff sustaining injuries and damages that are described below. As a result, Plaintiff's cause of action arises out of a basis of law, thus entitling Plaintiff to the relief sought.

## IX.
## DEFENDANT GUNTREN'S NEGLIGENT ENTRUSTMENT

Defendant GUNTREN negligently entrusted its vehicle to JONES, who was an unfit or incompetent driver. Defendants GUNTREN owned the vehicle involved in the collision in question and knew, or should have known that JONES was unfit or incompetent to drive. GUNTREN'S negligent entrustment of its vehicle is a proximate cause of the collision in question and Plaintiff's injuries and damages. Therefore, Plaintiff asserts a cause of action for negligent entrustment and hire against Defendant GUNTREN.

## X.
## NEGLIGENT, HIRING, TRAINING, SUPERVISION, AND RETENTION BY DEFENDANT GUNTREN

Still further, Defendant GUNTREN failed to use the ordinary care that a prudent person should have used under the same or similar circumstances in hiring, training, supervising and retaining Defendant JONES. Such failures constituted negligence and were proximate causes of the incident in question and Plaintiff's injuries and damages. Plaintiff asserts herein claims and causes of action based on Defendant GUNTREN'S negligent hiring, supervision and retention.

## XI.
## VICARIOUS LIABILITY

At the time of the incidents described above, JONES was acting in the course and scope of his employment with Defendant GUNTREN, and it is Plaintiff's information and belief, that the vehicle driven by Defendant JONES was owned by Defendant GUNTREN. As a result, Defendant GUNTREN is vicariously liable for the JONES'S general, *per se,* and gross negligence under the doctrine of *respondeat superior.* Plaintiff alleges that all of these damages, as well as the occurrence made the basis of this action, were proximately caused solely by Defendant's conduct, and that Defendant is liable for Plaintiff's damages.

## XII.
## EXEMPLARY DAMAGES

Plaintiff's injuries resulted from Defendants gross negligence, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Rem. Code § 41.003(a). At the time of the occurrence in question, Defendant driver's inattentive driving, failure to control the vehicle speed, coupled with Defendant driver's disregard for basic rules of the road, constituted gross negligence in that such acts and/or omissions, when viewed from Defendant's standpoint, involved an extreme degree of risk to drivers and travelers in Dallas County roads, including the risk of severe bodily injury and death to the public, and Plaintiff. Moreover, Defendants had actual awareness that the above acts and/or omissions were increasingly probable due to Defendant's inattention. Nonetheless, and despite Defendant's actual subjective awareness of the risk his grossly negligent driving imposed upon other drivers, travelers and the public in general, Defendant proceeded to drive in such grossly negligent manner with in conscious and blunt disregard to the rights, safety and welfare of others. Consequently, Plaintiff seeks exemplary damages and hereby gives notice to Defendants that he will seek to prove the above allegations by clear and convincing evidence.

## XIII.
## INJURIES - PRESENT AND FUTURE MEDICAL

As a direct and proximate result of the negligent conduct of Defendants, Plaintiff

**VIRGINIA GUADALUPE PORTILLO** suffered severe and disabling injuries to her head, face,

neck, back, right shoulder, tricep, and left forearm. Plaintiff has suffered injuries and specifically

sues for the following legal damages:

a.     Medical expenses in the past and future in excess of $41,828.09; and

b.     Physical pain in the past and future; and

c.     Mental anguish in the past and future; and

d.     Physical impairment in the past and future; and

e.     Past and future disfigurement; and

f.     Lost wages/loss of earning capacity in the past and future; and

g.     Special damages; and

h.     Property damage and Loss of use

## XIV.
## PLAINTIFF'S REQUEST FOR DISCLOSURES TO DEFENDANT

Plaintiff requests that Defendant disclose the information and material described in TEX. R.

CIV. P. 194.2 (a) - (l). In addition to the materials requested in TEX. R. CIV. P. 194.2, Plaintiff

requests that Defendants disclose all documents, electronic information, and tangible items that are

in Defendants possession, custody, or control and may use to support its claims or defenses.

Defendants responses shall be delivered to Plaintiff's attorney of record at 400 S. Zang Boulevard,

6th Floor, Suite 600, Dallas, Texas 75208 within fifty (50) days from the date of service hereof.

Plaintiff also requests that Defendants supplement responses to this Request for Disclosure, as

provided by TEX. R. CIV. P. 192, 193, and 194.

## XV.
## NOTICE OF USE OF DOCUMENTS

Pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, Plaintiff hereby gives notice to Defendants that she intends to use all discovery products, responses, and documents exchanged and produced between the parties as summary judgment evidence, in any pretrial proceeding, and/or at trial in this cause.

## XVI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff be awarded judgment against the Defendants for the following:

a.    Medical expenses in the past and future; and

b.    Physical pain and suffering in the past and future; and

c.    Mental anguish in the past and future; and

d.    Physical impairment in the past and future; and

e.    Property damage; and

f.    Lost wages and loss of earning capacity in the past and future; and

g.    Pre and post Judgment interest at the maximum legal rate; and

h.    Costs of Court; and

i.    Such other and further relief, at law or in equity, to which Intervenors may be justly entitled.

Respectfully Submitted,

LAW OFFICES OF DOMINGO GARCIA, P.C.

By: _____

      Domingo A. Garcia
      State Bar No. 07631950
      Paul Hornung
      State Bar No. 00795831
      E-Service: dallasoffice@dgley.com

400 S. Zang Blvd.
6th Floor Suite 600
Dallas, Texas 75208
Telephone:    (214) 941-8300
Facsimile:    (214) 943-7536

**ATTORNEYS FOR PLAINTIFFS**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

FILED

17 OCT 20 AM 11: 35

FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS

_____DEPUTY



**To:**

**WAYNE JONES**
**314 W 23rd ST**
**SOUTH SIOUX NE  68776**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VIRGINIA GUADALUPE PORTILLO**

Filed in said Court  **7th day of September, 2017** against

**WAYNE JONES  AND GUNTREN TRUCKING LLC**

For Suit, said suit being numbered <u>**DC-17-11647**</u>, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 11th day of September, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By   /s/ Carmen Moorer              , Deputy
         CARMEN MOORER

---



## ESERVE

### CITATION

### DC-17-11647

**VIRGINIA GUADALUPE PORTILLO**
**vs.**
**WAYNE JONES, et al**

**ISSUED THIS**
**11th day of September, 2017**

**FELICIA PITRE**
Clerk District Courts,
Dallas County, Texas

By:  CARMEN MOORER, Deputy

---

**Attorney for Plaintiff**
PAUL ROBERT HORNUNG
LAW OFFICES OF DOMINGO GARCIA
400 S ZANG BLVD
SUITE 600
DALLAS TX  75208
214-941-8300
DALLASOFFICE@DGLEY.COM

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

## RETURN OF SERVICE

## CAUSE NO.  DC-17-11647

STATE OF TEXAS
COUNTY OF DALLAS

     I Todd E. Kettering make the following representations to the 134th District Court of Dallas County.  I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct

1.    I an not less than 18 years of age
2.    I will neither request the authority to nor will I serve any process in any case in which I am a party or have an interest in the outcome of the case.
3.    I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.
4.    I have studied and am familiar with the Texas Rules of Civil Procedure, Vernon's Civil Statutes, Civil Remedies Code and all other applicable rules and statutes relating to the service of citations and notices.

CAME TO HAND ON THE  6th day of October 2017 at 2:00pm
EXECUTED BY DELIVERING TO  Wayne Jones by serving The Texas Transportation Commission
AT  125 East 11th Street  Austin, Texas 78701
ON the  11th day of October 2017 at 7:00am
TO THE WITHIN NAMED DEFENDANT A TRUE COPY OF THE  Citation and Original Petition and Request for Disclosure, First Set of Written Discovery to Defendant and Notice of Intention to take Oral Deposition

Service  $75.00

Total    $75.00

                                   Todd E. Kettering
                             Texas Supreme Court ID# 9681 exp.053118

BEFORE ME, the undersigned Notary Public on the day personally appeared Todd E. Kettering, known to the person whose name is signed to the above affidavit and sworn to me that the representations in the above affidavit are true and correct.

Given under my hand and seal of office this /9 ℒℐ day of  ⦻⦿⦻ℬℛ⦿ℛ_____ 2017

_____  Notary Public in Dallas County State of Texas

FRANK R CLABOUGH
My Commission Expires
March 18, 2018

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Texas Transportation Commission
125 E. 11th Street
Austin, Texas 78701

|||||||||||||||||||||||||||||||||||||||||

9590 9402 2681 6351 2066 42

2. Article Number (Transfer from service label)

7017 1000 0000 9908 6743

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                            □ Agent
                                                 □ Addressee

B. Received by (Printed Name)        C. Date of Delivery
                                     OCT 11 2017

Randall Toe

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery
   (over $500)
□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted
   Delivery
□ Return Receipt for
   Merchandise
□ Signature Confirmation™
□ Signature Confirmation
   Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

---

United States
Postal Service

Sender: Please print your name, address, and ZIP+4® in this box•

Todd E. Kettering
317 S. Ebrite St.
Mesquite, Texas 75149

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 2681 6351 2066 42

# USPS Tracking® Results

FAQs > (http://faq.usps.com/?articleId=220900)

Track Another Package +

Remove ✕

**Tracking Number:** 70171000000099086943

▶         ▶         ▶  **Delivered**

## Product & Tracking Information

See Available Actions

**Postal Product:**
Priority Mail®

**Features:**
Certified Mail™
Up to $50 Insurance Included
Restrictions Apply ⓘ

See tracking for related item: 9590940226816351206642
(/go/TrackConfirmAction?tLabels=9590940226816351206642)

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| October 11, 2017, 7:00 am | Delivered | AUSTIN, TX 78714 |
| | ▲ | |

Your item was delivered at 7:00 am on October 11, 2017 in AUSTIN, TX 78714.

| | | |
|---|---|---|
| October 11, 2017, 3:54 am | Arrived at Unit | AUSTIN, TX 78710 |
| October 10, 2017, 9:02 am | Available for Pickup | AUSTIN, TX 78701 |
| October 10, 2017, 7:06 am | Out for Delivery | AUSTIN, TX 78701 |

See More ⌄

## Available Actions

Text & Email Updates                                              ⌄

See Less ⌃